IN THE COURT OF APPEALS OF TENNESSEE
AT NASHVILLE
February 24, 2006 Session

**KIMBERLY KAY ALLEN, ET AL. v. JOHN DAY, ET AL.**
**AND**
**GANNETT SATELLITE INFORMATION NETWORK, INC., D/B/A THE**
**TENNESSEAN, ET AL. V. POWERS MANAGEMENT, LLC**

**Appeal from the Circuit Court for Davidson County**
**No. 02C-817 and 05C-61     Hamilton V. Gayden, Judge**

---

**No. M2005-00989-COA-R3-CV - Filed August 11, 2006**

---

PATRICIA J. COTTRELL, J., concurring.

Because of the troubling potential for overexpansion of the "functional equivalency" rationale established in *Cherokee* and relied upon herein, I write separately to identify the reason for my concurrence. The key to determining when a private entity, through a relationship with a government, subjects its records to public inspection lies, in the first instance, in the analysis of whether the entity is performing a governmental function.

Certain activities have been traditionally performed by state and local governments in fulfilment of their roles. Prime examples of such activities are law enforcement (such as policing, incarcerating, adjudicating, etc.) and education. Many other examples exist.[1] I do not believe that managing or operating a building, be it a sports arena, entertainment venue, or other, is a traditional governmental, as opposed to private, function. Similarly, I do not believe that the fact that a governmental entity contracts with a private company to clean government offices makes janitorial services a governmental function, even when performed in government-owned property.

However, in the case before us, we are faced with a State statute that makes operation of a facility such as the Arena a governmental function, duty, or power. Tenn. Code Ann. § 7-67-102(a). In view of that legislative action, this Court cannot substitute its own analysis of the government function definition.

---

[1]The services performed by the private entity in *Cherokee*, for example, were an integral part of the State's transition of its public assistance function from direct financial assistance (AFDC) to incentives for training and work (Families First).

If the definition of governmental function found in the Connecticut statute quoted in the majority opinion, Conn. Gen. Stat. Ann. § 1-200(11), were determinative, I would be dissenting from the majority opinion. That is because I cannot conclude that operation of a publicly-owned **facility** is "the administration or management of a **program**." However, in the absence of either Tennessee legislative action or Tennessee Supreme Court holdings limiting the functional equivalent test as set out in *Cherokee*, this Court is bound to follow *Cherokee*. Applying the language of the Supreme Court in *Cherokee*, I reach the same conclusion as the majority.

 _____
 PATRICIA J. COTTRELL, JUDGE